

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

TAMI LYNN SPARKMAN       §
§
V.       §       CASE NO. 4:12-CV-00211-RAS-DDB
§
COMMISSIONER OF SOCIAL       §
SECURITY ADMINISTRATION       §

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying her claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **REMANDED.**

### HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title II of the Social Security Act on September 15, 2010, claiming entitlement to disability benefits due to carpal tunnel syndrome/tennis elbow right arm/hand, depression, and attention deficit disorder. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on June 2, 2011. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Suzette Skinner, testified.

On October 26, 2011, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied February 24, 2012. Therefore, the October 26, 2011 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation.  The ALJ

made the following findings:

1.   The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act, and is insured for benefits through the date of this decision.

2.   The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.   The claimant's obesity, carpal tunnel syndrome, mild degenerative disc disease of the lumber spine and depressive disorder are considered "severe" based on the requirements in the Regulations.  20 C.F.R. § 404.1520(c).

4.   These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.   The undersigned finds that the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6.   The claimant has the following residual functional capacity: she can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; and sit, stand, and walk 6 hours in an 8-hour workday; but she is unable to understand, remember and carry out more than simple one-two step instructions; she requires work that involves no contact with the public and only minimal contact with supervisors; and she must be in a work environment that does not involve teamwork with other employees.

7.   The claimant's past relevant work as a cashier requires the performance of work-related activities precluded by her residual functional capacity.  20 C.F.R. § 404.1565.  Thus, the claimant's medically determinable limitations prevent her from performing her past relevant work.

8.   Considering the claimant's residual functional capacity, jobs exist in significant numbers in the national economy that the claimant can perform.

2

9.      The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision.  20 C.F.R. § 404.1520(g).

(Tr. 20-35).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401.  The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).  The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment.  42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).  In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

3

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability.  20 C.F.R. § 404.1520 (1987).  First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled.  20 C.F.R. § 404.1520(b) (1987).  Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience.  20 C.F.R. § 404.1520(c) (1987).  Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987).  20 C.F.R. § 404.1520(d) (1987).  Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work.  20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy.  A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy.  20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987).  Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding.  *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

4

## ANALYSIS

Plaintiff's first point of error is that the Commissioner deprived Plaintiff of her due process rights.  The ALJ, by written interrogatories, contacted Dr. Smith, an ME, after the hearing concerning Plaintiff's mental status.  Evidently, these records were not furnished to Plaintiff's counsel.  Plaintiff maintains her right to present additional evidence or to challenge the findings as depriving her of her right to due process.

Not every error warrants a reversal or remand.  *See Audler v. Astrue*, 501 F.3d 446,448 (5th Cir. 2007).  The question becomes whether such error was harmless.  To establish some prejudice, a claimant must show that she would or could have adduced evidence that might have altered the result.  *Brock v. Chater*, 84 F.3d 726,728 (5th Cir. 1996).

Against this backdrop is Fifth Circuit authority that cross-examination is an element of fundamental fairness of the hearing to which a claimant is entitled.  *See Lidy v. Sullivan*, 911 F2d 1075, 1077 (5th Cir. 1990 ) (quoting *Coffin v. Sullivan*, 895 F2d 1206, 1212 (8th Cir. 1990)).  *See also Tanner v. Shalala*, 26 F.3d 1119 (5th Cir. 1994); *Sorwells v. Astrue*, 2013 WL 2471681(W.D. La. 2013).  Here, the ALJ expressly stated that counsel would have an opportunity to comment on Dr. Smith's report.  Counsel, as conceded by the Commissioner, simply was not furnished a copy of the report.  Even if the result would have been the same taking into consideration Dr. Jacobson's medical records, a denial of a fundamental right cannot be cured absent waiver, and the Court finds no waiver.

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be REMANDED and that Plaintiff be granted an opportunity to cross-examine Dr. Smith and present such further evidence as warranted in light of the report.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 20th day of June, 2013.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE